BLD-062                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4002
_____

PAUL J BUKOVINSKY, II,
                                            Appellant

v.

COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00934)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2011
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: December 27, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Appellant, Paul J. Bukovinsky, II, proceeding pro se, appeals from an order of the

United States District Court for the Western District of Pennsylvania dismissing his civil

rights action brought pursuant to 42 U.S.C. § 1983.  We will summarily affirm the

judgment of the District Court.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Bukovinsky filed a complaint alleging violations of his constitutional rights based on (1) adverse child custody decisions and civil contempt orders entered against him in state court for failure to pay child support; (2) criminal charges brought against him, and to which he pleaded nolo contendere, for impersonating his ex-girlfriend in an email message; and (3) an incident in which he allegedly pretended to be a police officer. Bukovinsky named the Commonwealth of Pennsylvania as the sole defendant and sought only monetary damages. The matter was referred to a Magistrate Judge, who provided several alternative bases for dismissing the complaint for failure to state a claim. In particular, the Magistrate Judge concluded that that Commonwealth and any state judicial officials that Bukovinsky sought to name were immune from suit, that the claims related to Bukovinsky's nolo contendere plea were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and that Bukovinsky's attempts to overturn the state court civil judgments were precluded by the Rooker-Feldman doctrine. The District Court adopted the Magistrate Judge's Report and Recommendation, responded to Bukovinsky's objections, and dismissed the complaint with prejudice. Bukovinsky appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We construe the complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and may affirm on any basis supported by the record. Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985). Because we have granted Bukovinsky in forma pauperis status pursuant to 28 U.S.C. § 1915, we must dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B) if it lacks an arguable basis in fact or law. Neitzke v. Williams,

2

490 U.S. 319, 325 (1989). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly dismissed Bukovinsky's complaint. Under the Eleventh Amendment, states are immune from suit in federal court. See, e.g., Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). While a state may lose its immunity by Congressional abrogation or by waiver, Congress has not abrogated the States' immunity from § 1983 actions, Quern v. Jordan, 440 U.S. 332, 345 (1979), and the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute. Lavia v. Pennsylvania Dep't of Corrections, 224 F.3d 190, 195 (3d Cir. 2000); 42 Pa. Cons. Stat. Ann. § 8521(b). In addition, to the extent that Bukovinsky sought to bring damage claims against state court judges because they held him in civil contempt and ruled against him in custody proceedings, those judicial officials are protected by the doctrine of judicial immunity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Nowhere does Bukovinsky allege that the judicial defendants were acting in a non-judicial capacity or in the complete absence of jurisdiction when they engaged in the alleged misconduct. Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000).

In his objections to the Magistrate Judge's Report and Recommendation, Bukovinsky sought for the first time declaratory and injunctive relief. In particular, Bukovinsky asked the District Court to declare "family law cases . . . unconstitutional," enter an injunction forcing the state courts to modify a child custody order, and direct a state court judge to recuse himself from "any and all cases dealing with the plaintiff."

3

Even if these requests for relief can be considered, Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) (stating that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."), we agree that they do not provide any basis for relief. Indeed, a claim for injunctive relief against the judicial officers would be barred by the language of § 1983, and Bukovinsky has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (noting that § 1983 provides that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.").

We also agree that the Rooker-Feldman doctrine bars Bukovinsky's claim that he has been harmed by state court judgments entered in the contempt and custody proceedings. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). Finally, the District Court properly rejected Bukovinsky's attempt to challenge the nolo contendere plea, which was based in part on police officers' alleged falsification of evidence.[1] A plaintiff may not pursue a claim under § 1983 that calls into question the

---

[1] Bukovinsky also alleged that a police officer, who was a friend of his ex-girlfriend, authored a false report which indicated that Bukovinsky had posed as a police officer. It does not appear that Bukovinsky was charged with a crime stemming from this incident. He complained that while the "offense happened in October 2006[,] . . . the call was not made or even put into the system until January of 2007." We note that this allegation appears to be incorrect. The police report, which Bukovinsky attached to his complaint, contains a 2006 "Incident Number" and "Narrative Date." But even assuming Bukovinsky's allegations are true, as we must, he has failed to demonstrate how his constitutional rights were violated by the delayed filing of the false police report. See Landrigan v. Warwick, 628 F.2d 736, 744 (1st Cir. 1980) (holding that the mere

4

validity of his conviction unless he demonstrates that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487 . Bukovinsky claimed that the "judge in that criminal matter pertaining to the false e-mail granted expungement . . . ." In support of this contention, Bukovinsky submitted to the District Court an "Expungement Order" indicating that he had successfully completed an Accelerated Rehabilitative Disposition ("ARD") program. We have held, however, that successful completion of an ARD program does not constitute a "favorable termination" for purposes of Heck. Gilles v. Davis, 427 F.3d 197, 211 (3d Cir. 2005).

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. See I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.

---

existence of a false police report does not "deprive[ ] a person of a right secured by the Constitution").